# UNITED STATES DISTRICT COURT

for the
District of Oregon
Portland Division

| | |
|---|---|
| Samuel Patrick Wolanyk<br>*Plaintiff*<br><br>vs.<br><br>City of Portland, Oregon<br>Rebecca Esau<br>Lee Gonzales<br>*Defendants* | Case No. 3:23-cv-1349-YY<br><br>Jury Trial Demanded |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

I.  **The Parties to This Complaint**

   A.  **The Plaintiff**

   | | |
   |---|---|
   | Name | Samuel Patrick Wolanyk |
   | Address | 5235 NE 42nd Ave |
   | | Portland, OR 97218 |
   | County | Multnomah |
   | Telephone Number | 619-887-6776 |
   | Email Address | samwolanyk@gmail.com |

**B.  The Defendants**

Defendant No. 1

| | |
|---|---|
| Name | City of Portland - in its Official Capacity |
| Job or Title | Office of the City Attorney |
| Address | 1221 SW 4th Ave Suite 430 |
| | Portland, OR 97204 |
| County | Multnomah |
| Telephone Number | 503-823-4047 |
| Email Address | cityattorneysoffice@portlandoregon.gov |

Defendant No. 2

| | |
|---|---|
| Name | Rebecca Esau - in her Individual Capacity |
| Job or Title | Director, Bureau of Development Services |
| Address | 1900 SW 4th Ave, First Floor |
| | Portland, OR 97201 |
| County | Multnomah |
| Telephone Number | 503-823-7300 |
| Email Address | director.esau@portlandoregon.gov |

Defendant No. 3

| | |
|---|---|
| Name | Lee Gonzales - in his Individual Capacity |
| Job or Title | Housing Inspector |
| Address | 1900 SW 4th Ave, Suite #5000 |
| | Portland, OR 97201 |
| County | Multnomah |
| Telephone Number | 503-823-8169 |
| Email Address | lee.gonzalez@portlandoregon.gov |

## II. Basis For Jurisdiction

The basis for federal court jurisdiction arises from 28 USC § 1331.

Under 42 U.S.C. § 1983, Plaintiff may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

Plaintiff alleges deprivation of his 1st, 4th, and 14th amendments under the US Constitution, as well as deprivation of his fundamental rights to the possession, use and enjoyment of property.

## III. Statement of Claim

### Introduction

The City of Portland claims it has a shortage of affordable housing, and it is the City's own policies that unconstitutionally deprive owners of their right to develop real estate to create the additional housing to sate demand.

Plaintiff is sole owner of a property in Portland, Oregon. The City has no ownership, rights or interest in the property and has admitted as much.

At time of purchase in 2016, the property at issue was zoned R1, which allowed for multiple dwelling units. The lot was located on a corner with a single house on the front half, while the back half contained piles of trash, a dilapidated one-car garage filled with refuse and a broken-down car abandoned on the dirt driveway.

Plaintiff purchased the property with the intent to clean it up and build an additional structure on the back half of the lot, with two living units over struc-

tured parking. This was in accordance with Portland zoning code that required Plaintiff to build a minimum of two additional units.

Beginning in 2016, Plaintiff made a good-faith effort to decipher and comply with Portland Building Development Services (hereinafter "BDS") regulations. Plaintiff relied on the plain-language meaning of the zoning code. Where an interpretation of ambiguous code was necessary, Plaintiff relied on the word of BDS officials. Plaintiff proceeded by right and as written, asking for no variances or discretionary determinations.

On August 17, 2022, after enduring six years of delay, tens of thousands of dollars of fees, multiple plan submissions, an illegal exaction attempt by the City, a de-facto refusal to communicate by BDS, no permit issued and with no end in sight, Plaintiff started his build.

Plaintiff was and is working from drawings fully in compliance with the zoning and building codes. Plaintiff's plans are engineered and stamped by a duly licensed Oregon engineer. Plaintiff's project meets or exceeds code requirements, the site is clean and orderly, there is no erosion, excessive noise, noxious fumes or any peril to the public health, public safety, public morals or general welfare. Nor, to Plaintiff's knowledge, has there been any such allegation by any member of the public.

On September 22, 2022 Plaintiff was visited on his job site by a BDS code enforcement official and offered a stop-work order. Plaintiff declined acceptance of the order, as he is not in the employ of the City and his property is not owned by the City.

Plaintiff was subsequently mailed a similar notice by the official, and then shortly thereafter received official notices that a lien had been placed on his prop-

Page 4

erty by the City of Portland. Those monthly notifications continue to the present, with fees, penalties and interest accruing every month.

On October 26, 2022 there was a single phone call with a BDS supervisor who offered to attempt to put together a team to move the permitting process along. Plaintiff indicated he was willing to participate, subject to the process being straightforward and reasonably priced. There was no further communication from BDS. Plaintiff emailed the supervisor as requested, and there was no reply. Phone calls to BDS have gone unreturned, so with the one-year date closing in, Plaintiff decided to file suit to preserve his rights and attempt to reach a resolution in this matter.

### First Cause of Action

Plaintiff is an artist who creates large pieces of performance art for human beings to view and experience. He has created one other multi-story house, two complete Burning Man camp offerings, a site-deployable artistic festival shelter, and an all-amenities off-road camp vehicle dubbed the "Apocalypse Trailer." Most of these works were designed and built solely by the Plaintiff, two were executed with the help of community members working at the artist's direction.

The building in question was designed and is being built by Plaintiff as a critique of the local government, specifically BDS' convoluted regulations and arbitrary interpretations, and as a political statement of the necessity of providing for oneself and family as an asset to the community. It includes a space for rooftop food production, rainwater collection cisterns, sprung performance dance floor, secure enclosed parking and a maker's space for wood and metal artworks. It is also a visual and functional example of how a building can be contorted by regulation -however well-intentioned- and how a determined man can utilize

Page 5

Wolanyk v. Portland et al

loopholes in stifling regulation to create something valuable and functional. As such, it represents politically relevant expression.

Furthermore, work on the building was initiated in response to Portland City council, the mayor, and the district attorney's tacit approval of the theft, arson and property destruction committed by criminals who used the Citywide police-abuse protests as cover for their actions. The City's mayor was forced to change his residence after persons set his condominium building on fire. Portland's district attorney generally refuses to prosecute persons accused of crimes against property. "It's only property" they say, "insurance will cover it" -completely ignoring the fact that the existence of property is usually a direct result of the productive application of one's life.

It is easier to destroy than create. They burn, I'll build.

The City demoted felony theft to "unauthorized use of a motor vehicle" and stood by as automobile theft rocketed to around sixty vehicles per day. Plaintiff's own vehicle was stolen and destroyed within days of being parked on the street, and while Portland threatens Plaintiffs garage build, Plaintiff takes the time every night to disable his wife's vehicle to prevent its theft by other than tow truck.

It is well-established that government agencies -including police agencies- have no duty to provide protection to the citizenry. We are all responsible for our own personal safety. Plaintiff's project is a functional political statement of acceptance of that fact, and the state cannot interfere with this free expression.

To deny Plaintiff the ability to create such a work of art, or to interfere with his efforts through a claim of unquestionable police power, unreasonable delay, obfuscation or over-broad, arbitrary interpretation of poorly-written regulations, or outright threat of fine or forfeiture without due process is a violation of

Page 6

*Wolanyk v. Portland et al*

his First Amendment rights…and, ironically, the perfect commentary on the building's raison d'être.

### First Prayer for Relief

Plaintiff respectfully requests that the Court issue an order enjoining the City and its employees from violating Plaintiff's free speech rights and fundamental property rights.

Plaintiff respectfully requests that the Court issue an order that the Defendants remove any and all code enforcement liens from the Plaintiffs property.

Plaintiff respectfully requests that the Court issue an injunction enjoining Defendants from committing similar crimes in the future.

### Second Cause of Action

The City of Portland has no ownership, rights or interest in Plaintiff's property, just as the Plaintiff has no personal ownership or interest in the City's property. The City is free to use, acquire, dispose of, encumber, build or destroy its own property however it likes, asking permission of no one, as long as it reasonably does no harm to anyone else.

Plaintiff enjoys the same rights in his secured right to acquire, possess, and protect property to the exclusion of all others. To require some sort of review en route to granting permission to exercise an otherwise fundamental right to property is tantamount to prior restraint and a violation of both the First Amendment and the Fourteenth Amendment.

## Second Prayer for Relief

Plaintiff respectfully requests that the Court issue an order enjoining the City and its employees from violating Plaintiff's fundamental property rights and free speech rights.

Plaintiff respectfully requests that the Court issue an order that the Defendants remove any and all code enforcement liens from the Plaintiffs property.

Plaintiff respectfully requests that the Court issue an injunction enjoining Defendants from committing similar crimes in the future.

## Third Cause of Action

Portland BDS and its officials and employees willfully violated Plaintiff's Due Process rights. The City of Portland may have granted itself all kinds of extraordinary powers in its City charter, but for those powers to to be valid they must still square with the United States and Oregon Constitutions.

Plaintiff is guaranteed due process before being deprived of property: Among other things, this includes a public hearing, a trial by jury, an impartial judiciary, the right to confront his accusers, to present and examine evidence, and to implore the jury to examine the law as well as the facts.

There was no hearing, no trial, no summons, no conviction, no jury, and no finding by an impartial trier of fact. Portland BDS officials skipped over all this and went straight from red tag to lien and are now harassing Plaintiff with mailed lien notices.

Defendants should also be aware that sending unsubstantiated claims and demands for payment of monetary value through the United States Postal Service might constitute mail fraud under Title 18 USC 1341 and extortion under Oregon

Page 8

*Wolanyk v. Portland et al*

Revised Statutes § 164.075. Further, filing an unsubstantiated lien or otherwise simulating legal process is a felony under ORS § 162.355.

If the City believes Plaintiff is in violation of the law they are free to make their case in a court of record, in accordance with all applicable law, statute and tradition. For the City to decline to do so does not visit an automatic finding of liability on the part of the Plaintiff. Nor is the City allowed to deny Plaintiff his trial rights under the Sixth Amendment or his secured rights to Due Process under the Fourteenth Amendment.

### Third Prayer for Relief

Plaintiff respectfully requests that the Court issue an order enjoining the City and its employees from violating Plaintiff's fundamental Due Process rights under the Fourteenth Amendment.

Plaintiff respectfully requests that the Court issue an order enjoining the City and its employees from violating Plaintiff's fundamental trial rights under the Sixth Amendment.

Plaintiff respectfully requests that the Court issue an order that the Defendants remove any and all code enforcement liens from the Plaintiffs property.

Plaintiff respectfully requests that the Court issue an injunction enjoining Defendants from committing similar crimes in the future.

### Fourth Cause of Action

Assuming *arguendo* that this Court finds that Portland does have the power and right to impose some permitting requirements, Plaintiff alleges that the City does so in a manner violative of Constitutional rights.

When imposing development fees or conditions, the City of Portland has a history of ignoring applicable US Supreme Court rulings: Nollan v. California Coastal Commission, Dolan v. City of Tigard and Koontz v. St. Johns River Water Management District. As a result of those cases, Supreme Court rulings require that a permitting authority impose real-property exactions or monetary fees roughly proportional to the impact of development, and that the authority make an individualized determination of what the nature and extent of that impact will be.

The City of Portland is well known for having some of the highest permitting fees in the nation, and routinely requires exactions of money or property as a condition of issuing a permit. Most applicants comply out of fear, frustration or ignorance. But in the event that an applicant tries to protest such a taking, the City requires the applicant to pay a non-refundable $250 fee to do so. This is a violation of the First, Fourth, and Fourteenth amendments of the US Constitution. The City cannot violate a citizen's rights and then charge a fee to protest!

Constitutional rights do not expire. However if Portland BDS admits that an imposed exaction was not warranted, they stipulate that their decision expires in 180 days- at which point the applicant must pay another $250 and begin the process again.

**Fourth Prayer for Relief**

Plaintiff respectfully requests that the Court issue an order for BDS to refund Plaintiff's $250 appeal fee.

Plaintiff respectfully requests that the Court issue an order that every department of BDS seeking to impose a fee or exaction must make an individualized determination of the nature and extent of the impact necessitating the fee or exaction, and deliver that determination in writing to the applicant.

Page 10

*Wolanyk v. Portland et al*

Plaintiff respectfully requests that the Court issue an order requiring BDS to advise applicants of their right to contest any proposed exaction.

Plaintiff respectfully requests that the Court issue an order that BDS cannot charge applicants a fee to appeal an exaction condition.

### Fifth Cause of Action

Assuming *arguendo* that this Court finds that Portland does have the power and right to impose some permitting requirements, Plaintiff alleges that the City does so in an unconstitutional manner.

Portland BDS officials interpret and apply the zoning and building codes arbitrarily, and BDS management is aware of this. BDS requires permit applicants to design structures to adhere to interpretations of code as advised by lower-tier BDS agents, only to have upper-level BDS application review agents deny permit approval via a differing interpretation of code. BDS then claims that this problem is for the permit applicant to solve and that BDS has no liability or responsibility for the actions or interpretations of any of their agents.

The effect is that substantial architect and structural engineering fees compound upon the applicant. This unreasonably encumbers Plaintiff's right to develop and enjoy his property and is a violation of the fundamental right to property.

Preliminary (i.e., before the first round of complete design and engineering) access to upper-tier BDS decision-makers is denied to applicants unless the applicant pays additional fees amounting to thousands of dollars. Applicants face the Hobson's choice of spending thousands of dollars on a "yes-you-can, oops-no-you-can't (not our problem!)" design or spending thousands of dollars just to have access to the government agents that hold sway over a proposed project. This practice is the definition of arbitrariness and capriciousness, and Citizens should

not be forced to choose. A government agency that substantially encumbers a fundamental right ought to have its costs and processes clearly established and available to all.

### Fifth Prayer for Relief

Plaintiff respectfully requests that the Court issue an order that every BDS official is to state their code interpretation in writing, and that BDS guarantee that applicants can rely on that interpretation to be unchanging.

Plaintiff respectfully requests that, if the Court finds Defendants have the power to encumber Plaintiff's property rights, that the Court issue a ruling that Plaintiff can rely on his reasonable interpretation of Portland zoning and building codes.

### Sixth Cause of Action

Portland BDS knows that their processes and procedures are opaque, burdensome and costly and unreasonably encumber the fundamental right to property. However, through the Empowered Communities Program, the City of Portland does offer one-on-one support through the building permit process. BDS will "walk you through the process" but only if you're Black, Indigenous or a Person of Color. Plaintiff is White, or the "wrong color" per BDS officials and therefore has been denied access or equivalent assistance. This is a violation of the Fourteenth Amendment which guarantees equal protection of the laws.

### Sixth Prayer for Relief

Plaintiff respectfully requests that the Court issue an order that Portland BDS is to make its assistance available to all applicants without regard to their race, color, sex, sexual orientation or any other protected class.

## Summation

I do not bring this case in pursuit of a big monetary payoff. I just want Portland BDS to quit trampling my rights and get out of my way.

## IV. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of Signing: 9/15/2023

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Sam Wolanyk